IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUCAS OLOGBENLA, | : | No. 3:25-CV-1351 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| CRAIG LOWE, | : | |
| Respondent | : | |

## **MEMORANDUM**

Petitioner Lucas Ologbenla is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). He is currently detained at Pike County Correctional Facility in Lords Valley, Pennsylvania. Ologbenla commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He simultaneously filed a motion for a temporary restraining order or preliminary injunction. He seeks immediate release from detention or an individualized bond hearing. The court will grant Ologbenla's Section 2241 petition and require the government to provide him with an individualized bond hearing before an Immigration Judge.

I.      BACKGROUND

Ologbenla is a citizen and native of Nigeria. (Doc. 1-2 ¶ 1). He entered the United States on December 13, 2012, with an immigrant visa obtained through the Diversity Visa Program. (Id. ¶ 2). His status was adjusted to Lawful

Permanent Resident at that time. (Id.; Doc. 10-2 at 3). Ologbenla is married and has two daughters who are both United States citizens. (Doc. 1-2 ¶ 3).

On May 10, 2019, upon returning from a trip to Nigeria, Ologbenla was arrested and paroled into the United States for criminal prosecution. (Id. ¶ 6; Doc. 10-2 at 3, 6). On June 29, 2022, after pleading guilty to conspiracy to commit wire fraud, 18 U.S.C. § 1349, he was sentenced to one year and one day incarceration. (Doc. 10-2 at 6). Following his sentencing, he was given several months' time to arrange his affairs before self-surrendering and beginning his custodial sentence. (Doc. 1-2 ¶ 10).

In March 2023, prior to the completion of his federal sentence, ICE issued Ologbenla a Notice to Appear, charging him as removable under 8 U.S.C. § 1182(a)(2)(A)(i)(I) for committing an offense involving moral turpitude or conspiracy to commit such offense. (See generally Doc. 10-2). The following month, Ologbenla filed a Form I-589, Application for Asylum and Withholding of Removal and Deferral of Removal Pursuant to the Convention Against Torture (CAT). (See Doc. 1 ¶ 15, Doc. 1-3 at 2). A hearing was held on August 21, 2023, after which the Immigration Judge issued an oral decision denying Ologbenla's applications for withholding of removal and deferral of removal under the CAT. (Doc. 1-3 at 2).

Ologbenla appealed to the Board of Immigration Appeals (BIA), but on February 2, 2024, the BIA affirmed the Immigration Judge's August 21, 2023 decision. (Id.) He then timely moved to reopen and remand, alleging that he had acquired previously unavailable, highly relevant evidence for his CAT claim. (Id.) On August 4, 2024, the BIA granted Ologbenla's unopposed motion to reopen and remanded the case for further fact-finding, development, and analysis regarding the CAT claim. (Id.)

After holding another hearing, the Immigration Judge granted Ologbenla's application for deferral of removal under the CAT, and his removal to Nigeria was deferred. (Id. at 7). The government appealed that decision to the BIA on April 1, 2025. (See Doc. 1 ¶ 16; Doc. 10 at 14). This appeal is still pending with the BIA. (Doc. 1 ¶ 16).

Upon completion of his sentence of imprisonment in August 2023, Ologbenla was transferred to ICE custody, where he has been detained since that time while he continues to pursue relief in immigration court. (Doc. 1-2 ¶¶ 11-15). Thus, he has been held in civil detention for nearly 24 months,[1] and during that time he has not had a bond hearing. (See Doc. 1 ¶ 1 & n.1).

---

[1] The parties appear to disagree about the length of ICE detention. Ologbenla asserts that he was transferred to ICE custody on August 29, 2023, (Doc. 1 ¶ 14), making his detention almost 24 months in length. The government asserts, in its August 13, 2025 habeas response, that Ologbenla has been in ICE custody for approximately 22 months, but does not provide any supporting evidence for this time period. (See Doc. 13 at 18, 19). Because only Ologbenla has provided evidentiary support for length of detention, (see Doc. 1-2 ¶¶ 11, 15), the court finds that

3

On July 23, 2025, Ologbenla, through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). In that petition, he seeks an individualized bond hearing before an immigration judge. (See id. ¶ 4). The following day, Ologbenla filed a motion for a temporary restraining order or preliminary injunction. (Doc. 4). That motion seeks either (1) immediate release and an injunction from further detention during the pendency of the instant habeas petition, or (2) immediate release from ICE custody. (See Doc. 6 at 2-3). Because the court finds that it must grant Ologbenla's Section 2241 petition, it will dismiss the corresponding motion for injunctive relief as moot.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). Ologbenla filed the instant petition while he was detained within the jurisdiction of this court, is still currently detained by ICE within this court's jurisdiction, and asserts that his continued detention violates due process, so this court has jurisdiction over his Section 2241 petition. See Zadvydas v. Davis, 533 U.S. 678, 699 (2001); Spencer v. Kemna, 523 U.S. 1, 7 (1998).

---

his contention of 24 months' detention controls. In any event, whether Ologbenla has been detained for 22 months or 24 months would not affect the court's analysis or decision in this matter.

## III.  DISCUSSION

The parties agree that Ologbenla is currently detained pursuant to 8 U.S.C. § 1226(c).  (See Doc. 1 ¶ 2; Doc. 13 at 9).  After careful review of the factors relevant to a due process challenge to Section 1226(c) detention, the court finds that Ologbenla's detention has become unreasonable and thus his habeas petition must be granted.

In Jennings v. Rodriguez, 583 U.S. 281 (2018), the Supreme Court of the United States rejected the premise that 8 U.S.C. § 1226(c) contains an implicit time limit for pre-removal detention.  Jennings, 583 U.S. at 303-06.  The United States Court of Appeals for the Third Circuit, however, has explained that Jennings "did not call into question [the] constitutional holding in Diop [v. ICE/Homeland Security, 656 F.3d 221 (3d Cir. 2011)] that detention under § 1226(c) may violate due process if unreasonably long."  Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 278 (3d Cir. 2018).  Thus, "even after Jennings, an alien lawfully present but detained under § 1226(c) can still challenge his detention under the Due Process Clause."  German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 210 (3d Cir. 2020).  In such as-applied challenges, "when detention becomes unreasonable, the Due Process Clause demands a hearing."  Id. (quoting Diop v. ICE/Homeland Sec., 656 F.3d

221, 233 (3d Cir. 2011), abrogated in part on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018)).

When reviewing such as-applied challenges to the constitutionality of continued mandatory detention under Section 1226(c), "[t]he most important factor is the duration of detention."  See id. at 211.  Additionally, the court must consider the other circumstances of detention, including: (1) "whether the detention is likely to continue"; (2) "the reasons for the delay, such as a detainee's request for continuances"; and (3) "whether the alien's conditions of confinement are 'meaningfully different' from criminal punishment."  Id. (quoting Chavez-Alvarez v. Warden York Cnty. Prison, 783 F.3d 469, 478 (3d Cir. 2015)).  There is no "bright-line" threshold for reasonableness; rather, whether continued detention is reasonable is a "highly fact-specific" inquiry.  Id. at 210 (quoting Chavez-Alvarez, 783 F.3d at 474).

With respect to the first and most important consideration—duration of detention—Ologbenla has been detained by ICE for nearly 24 months without a bond hearing.  This lengthy amount of time weighs strongly in favor of relief.  Indeed, numerous courts within this district have held that relief was due in cases where detention was approaching or exceeded two years in length.  See, e.g., German Santos, 965 F.3d at 212 (two-and-a-half years' detention); Diahn v. Lowe, No. 1:24-cv-1936, 2025 WL 2115442, at *4 (M.D. Pa. July 11, 2025)

(Bloom, C.M.J.) (19 months), report & recommendation adopted 2025 WL 2112074 (M.D. Pa. July 28, 2025) (Munley, J.); Malede v. Lowe, No. 1:22-CV-01031, 2022 WL 3084304 (M.D. Pa. Aug. 3, 2022) (Schwab, M.J.) (18 months); Clarke v. Doll, No. 3:20-cv-31, 2020 WL 4933696, at *1 (M.D. Pa. Aug. 24, 2020) (Conner, C.J.) (20 months); Chikerema v. Lowe, No. 1:18-cv-1031, 2019 WL 3891086, *3 (M.D. Pa. Aug. 19, 2019) (Rambo, J.) (over 20 months): Vega v. Doll, No. 3:17-cv-1440, 2018 WL 3756755, at *5 (M.D. Pa. Aug. 8, 2018) (Mannion, J.) (21 months).

As to whether detention will continue, the court finds that Ologbenla's detention will likely continue well into the foreseeable future. His appeal is still pending before the BIA. As Ologbenla points out, recently 13 members of the BIA were terminated, a substantial downsizing "at a time when the BIA faced a backlog of 112,952 cases at the end of FY 2024." (See Doc. 1 ¶ 36 n.1 (citations omitted)). If he were to receive an unfavorable decision from the BIA, he may be required to return before the Immigration Judge for further proceedings or appeal that decision to the United States Court of Appeals for the Third Circuit. See 8 U.S.C. § 1252(a)(5). This factor, therefore, likewise supports a finding of unreasonableness. See German Santos, 965 F.3d at 211 ("When the alien's removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." (citation omitted)).

7

The third factor is the reasons for the delay. Here, Ologbenla has done nothing more than pursue relief from removal in a good-faith manner. There is no evidence that he filed multiple continuances or exhibited dilatory conduct. Rather, he has successfully litigated his application for deferral of removal under the CAT, and it is the government that has appealed the most recent decision to the BIA. See id. ("[W]e do not hold an alien's good-faith challenge to his removal against him, even if his appeals or applications for relief have drawn out the proceedings."). Ologbenla is not "gaming the system," Chavez-Alvarez, 783 F.3d at 476, and neither party appears to be acting in bad faith. Thus, this third factor is neutral. See German Santos, 965 F.3d at 212.

The final factor to be considered is whether the detainee's conditions of confinement are "'meaningfully different' from criminal punishment." Id. at 211 (quoting Chavez-Alvarez, 783 F.3d at 478). Ologbenla is currently detained at Pike County Correctional Facility (PCCF). He attests that (1) PCCF does not segregate those civilly detained and those confined for criminal prosecution, and in fact one of his current cellmates is being held on criminal charges; (2) PCCF corrections officers treat civil detainees exactly the same as criminal detainees; (3) many of his current conditions of confinement are more restrictive than when he was serving his federal sentence. (Doc. 1-2 ¶¶ 16-19). Ologbenla's "civil detention" at PCCF is, for all intents and purposes, indistinguishable from

criminal punishment. Respondent has offered no example or evidence as to how the two would differ. "Th[e]se conditions strongly favor a finding of unreasonableness." German Santos, 965 F.3d at 213.

When viewing the German Santos factors in their totality, they firmly militate in favor of granting habeas relief. Ologbenla's nearly 24-month detention under Section 1226(c) has become unreasonable, and thus "the Due Process Clause demands a hearing." Id. at 210 (citations omitted).

Accordingly, the court will order the government to provide Ologbenla with a bond hearing before an Immigration Judge, where the government will bear the burden to justify his continued detention by clear and convincing evidence. Id. at 214. Additionally, the court will dismiss as moot Ologbenla's motion for a temporary restraining order or preliminary injunction, as it has addressed his Section 2241 petition expeditiously and on the merits. See Malede, 2022 WL 3084304, at *3, *7.

## IV. CONCLUSION

Based on the foregoing, the court will grant Ologbenla's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

Date: 08/14/2025

BY THE COURT:

 s/ Julia K. Munley
JUDGE JULIA K. MUNLEY
United States District Court